# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-mj-934-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| MARLOWE SINGLETON, | |
| Defendant. | |

Defendant Marlowe Singleton is alleged to have violated her conditions of probation. ECF No. 1. She made her initial appearance before the court on December 9, 2019. ECF No. 2. Robert O'Brien, from the Office of the Federal Public Defender Office, appeared with Ms. Singleton, but explained that Ms. Singleton did not wish to have the assistance of counsel.

The court began the process of advising Ms. Singleton of her rights but quickly realized that it would not be able to do so. Ms. Singleton's answers to the court's questions were non-responsive and outlandish. For instance, when asked if she had certain documents in front of her she, eventually, answered—although not in English. Instead she used a language that sounded like it may have been Latin, and as she explains, is "not particularly English but relevant to law." When asked to use the English language Ms. Singleton felt it was necessary to disclose to the court that she had been a "judge as of a young age, at an independent level, internationally." She also asked the court to check into her background records as "a business owner, as a doctor, a corporate person, as a judge," noted she owned banks and that "there were security measures there." Lastly, she explained that the court could "disclose special ops records and military records" if needed.

Based on the behavior observed in court and the nature of the answers provided by Ms. Singleton, the court has reasonable cause to believe that she may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. The court therefore, on its own motion, orders a mental competency hearing pursuant to 18 U.S.C. § 4241.

Lastly, while Mr. O'Brien stated that Ms. Singleton did not wish to be represented by counsel, this court was not able to properly canvass her to determine whether she could represent herself. The court will appoint the Office of the Federal Public Defender to ensure that Ms. Singleton's rights are protected pending, and including, her competency hearing. The court will entertain a motion for Ms. Singleton to represent herself once it is satisfied that the concerns posed by 18 U.S.C. § 4241 are not at play.

IT IS ORDERED that:

1. The Office of the Federal Public Defender is appointed to represent Ms. Singleton pending and during her competency hearing.

2. In accordance with 18 U.S.C. § 4241 the United States Marshal's Service shall forthwith transport Defendant Marlowe Singleton to a suitable Bureau of Prisons ("BOP") facility that conducts psychological evaluations closest to the court, for psychiatric or psychological evaluation to determine whether Defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

3. Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed thirty days, unless extended by further order of the court upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Defendant, or by appropriate motion, for a period of up to fifteen additional days. 18 U.S.C. § 4247(b).

4. The examination conducted pursuant to this order shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C. § 4247(b).

5. A psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination. The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the court and provide copies to Jessica Oliva, Assistant United States Attorney, and to Robert O'Brien, counsel for Defendant.

6. The report shall include:

    a. Defendant's history and present symptoms;

    b. A description of the psychiatric, psychological or medical tests that were employed and their results;

    c. The examiner's findings;

    d. The examiner's opinions concerning whether Defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her, or to assist properly in her defense.

Additionally, the court sets a status hearing on this matter for January 9, 2020 at 3:00 p.m. in a courtroom to be determined for the purpose of setting a date for a competency hearing.

IT IS SO ORDERED.

DATED: December 10, 2019.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE